**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GREAT AMERICAN INSURANCE COMPANY,

                     Plaintiff / Counter-Defendant,

            -against-

JOSEPH ZELIK,

                   Defendant / Counter-Plaintiff.

JOSEPH ZELIK,

                  Third-Party Plaintiff,

            -against-

SECURE INSURE BROKERAGE INC. f/k/a INSURE
SECURE INC.,

                 Third-Party Defendant.

**SECURE INSURE'S**
**ANSWER TO**
**THIRD-PARTY PLAINTIFF**
**ZELIK'S COMPLAINT**

**Case No.: 1:19-cv-01805-JSR**

      Third-Party Defendant, SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE INC. ("Secure Insure"), by and through its attorneys, KEIDEL, WELDON & CUNNINGHAM, LLP, as and for its Answer to the Third-Party Plaintiff JOSEPH ZELIK's ("Zelik" or "Third-Party Plaintiff") Complaint ("Complaint") dated and electronically filed on July 18, 2019, responds upon information and belief as follows:

### AS AND FOR SECURE INSURE'S ANSWER TO "INTRODUCTION"

      1.    The allegations contained in paragraph 1 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

      2.    Denies the allegations in paragraph 2 of the Complaint the way they are worded.

Admits to assisting in procurement of umbrella liability coverage for Zelik from Great American Insurance Company ("Great Am" or "Plaintiff").

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      The allegations contained in paragraph 7 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations in paragraph 7 of the Complaint.

8.      The allegations contained in paragraph 8 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations in paragraph 8 of the Complaint.

9.      The allegations contained in paragraph 9 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations in paragraph 9 of the Complaint.

## AS AND FOR SECURE INSURE'S ANSWER TO "PARTIES"

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 10 of the Complaint.

11.     Admits the allegations as stated in paragraph 11 of the Complaint.

## AS AND FOR SECURE INSURE'S ANSWER TO "JURISDICTION"

12.     Admits the allegations as stated in paragraph 12 of the Complaint.

13.     Admits the allegations as stated in paragraph 13 of the Complaint.

14.     Admits the allegations as stated in paragraph 14 of the Complaint.

## AS AND FOR SECURE INSURE'S ANSWER TO "FACTUAL BACKGROUND"

**A.**     **Zelik Seeks Umbrella Liability Coverage Through Insure Secure**

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 7 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 20 of the Complaint.

21.     Denies the truth of the allegations as stated in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 26 of the Complaint.

27.     Denies the allegations as stated in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 32 of the Complaint.

33.     Denies the truth of the allegations as stated in paragraph 33 of the Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations as stated in paragraph 35 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 37 of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 40 of the Complaint.

**B.     Great Am Seeks to Rescind the 2014 Umbrella Policy and Others**
       **Based on Purported Misrepresentations in Zelik's Applications for Insurance**

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations as stated in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 51 of the Complaint.

52.     The allegations contained in paragraph 52 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 53 of the Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST
## <u>SECURE INSURE FOR BROKER MALPRACTICE/NEGLIGENCE</u>

54.     Secure Insure repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 53 above.

55.     The allegations contained in paragraph 55 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations as stated in paragraph 55 of the Complaint.

56.     Denies the allegations as stated in paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations as stated in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint constitute improper legal conclusions with no responsive pleading necessary or required. To the extent a responsive pleading is deemed to be required, Secure Insure denies the allegations as stated in paragraph 58 of the Complaint.

59.     Denies the allegations as stated in paragraph 59 of the Complaint.

60.     Denies the allegations as stated in paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations as stated in paragraph 61 of the Complaint.

62.     Denies the allegations as stated in paragraph 62 of the Complaint.

63.     Denies the allegations as stated in paragraph 63 of the Complaint.

64.     Denies the allegations as stated in paragraph 64 of the Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST SECURE INSURE FOR BREACH OF CONTRACT

65.     Secure Insure repeats and incorporates by reference its responses to each and every allegation set forth in Paragraphs 1 through 64 above.

66.     Denies the allegations as stated in paragraph 66 of the Complaint.

67.     Denies the allegations as stated in paragraph 67 of the Complaint.

68.     Denies the allegations as stated in paragraph 68 of the Complaint.

69.     Denies the allegations as stated in paragraph 69 of the Complaint.

70.     Denies the allegations as stated in paragraph 70 of the Complaint.

71.     Denies the allegations as stated in paragraph 71 of the Complaint.

72.     Denies the allegations as stated in paragraph 72 of the Complaint.

73.     Denies the allegations as stated in paragraph 73 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations set forth in the Complaint fail to state a cause of action against Secure Insure.

### SECOND AFFIRMATIVE DEFENSE

Zelik's action is barred due to the application of the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Zelik's alleged injuries and/or damages were caused in whole or in part by Zelik's own culpable conduct, contributory negligence and/or assumption of risk, and Zelik's claims are therefore barred or diminished to the extent that such culpable conduct, contributory negligence and/or assumption of risk contributed to the occurrence and the injuries and/or damages claimed therefrom.

## FOURTH AFFIRMATIVE DEFENSE

While Secure Insure denies Zelik's allegations, any injuries and/or damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which Secure Insure neither had the control nor had the right to control, and for which acts or omissions Secure Insure is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

Zelik has failed to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Zelik's action on the subject policy of insurance is barred by reason of Zelik's own non-compliance with the express terms and conditions of the subject policy of insurance.

## SEVENTH AFFIRMATIVE DEFENSE

If Zelik sustained the injuries and/or damages alleged in the Complaint, such injuries and/or damages are the result of acts or omissions by persons or entities for whose actions Secure Insure bears no responsibility.

## EIGHTH AFFIRMATIVE DEFENSE

Zelik's Complaint should be dismissed because any acts or omissions of Secure Insure were not the proximate cause of Zelik's alleged damages or injuries.

## NINTH AFFIRMATIVE DEFENSE

Zelik's action is barred due to the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Zelik's action is barred due to the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Zelik's action is barred due to the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Zelik's action is barred due to the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

Zelik's action is barred by the statute of frauds.

## FOURTEENTH AFFIRMATIVE DEFENSE

Zelik's action must be dismissed because of ratification.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that it is determined that any coverage exists under the subject policy of insurance for Zelik's claims, which Secure Insure denies, coverage will be subject to any and all deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, co-insurance and "other insurance" provisions as stated in the subject policy of insurance.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint does not describe Zelik's claims with sufficient particularity to allow Secure Insure to determine such other defenses that it may have in response to Zelik's claims and/or causes of action. Secure Insure therefore reserves the right to assert any and all defenses (policy-based or otherwise) which may be pertinent to Zelik's claims once the precise nature of the claims are ascertained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Secure Insure reserves all of its rights and defenses under the subject policy of insurance and further reserves its right to amend its Answer or supplement its Affirmative Defenses in accordance with any additional information developed during or in the course of discovery.

**WHEREFORE**, Defendant SECURE INSURE BROKERAGE INC. f/k/a INSURE

SECURE INC., demands judgment against the Third-Party Plaintiff as follows:

      a.      Judgment dismissing Third-Party Plaintiff's Complaint, with prejudice, as against Third-Party Defendant SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE INC.;

      b.      Judgment for Third-Party Defendant SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE INC.'s costs and disbursements incurred in the defense of this action; and

      c.      That the Court grant such other and further relief as the Court deems just, equitable and proper.

DATED:      White Plains, New York
               July 31, 2019

                               **KEIDEL, WELDON & CUNNINGHAM, LLP**
                               Attorneys for the Third-Party Defendant

                         By:    ***Howard S. Kronberg***
                               Howard S. Kronberg, Esq.
                               925 Westchester Avenue, Suite 400
                               White Plains, New York 10604
                               Tel:    (914) 948-7000
                               Fax:    (914) 948-7010
                               hkronberg@kwcllp.com

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on the 31st day of July 2019, I filed and served this document through the electronic filing system upon the following parties:

Mark R. Vespole
Katherine E. Tammaro
Nana K. Sarpong
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
200 Campus Drive, Suite 400
Florham Park, New Jersey 07932
Tel:   (973) 624-0800
Fax:   (973) 624-0808
Mark.Vespole@wilsonelser.com
Katharine.Tammaro@wilsonelser.com
Nana.Sarpong@wilsonelser.com

Marshall N. Gilinsky
Grant E. Brown
**ANDERSON KILL P.C.**
1251 Avenue of the Americas
New York, New York 10020
Tel:   (212) 278-1000
Fax:   (212) 278-1733
mgilinsky@andersonkill.com
gbrown@andersonkill.com

The document electronically filed and served is available for viewing and/or downloading from the Southern District of New York's PACER System.

/s/ Howard S. Kronberg