Mark Robert Vespole
Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive – Suite 400
Florham Park, NJ 07932
*Attorneys for Plaintiff*
*Great American Insurance Company*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

GREAT AMERICAN INSURANCE
COMPANY,

                 Plaintiff,

- against -

JOESPEH ZELIK,
                 Defendant.

------------------------------------------------------------ X

CASE NO.: 19-cv-01805 (JR)

CIVIL ACTION

**PLAINTIFF GREAT AMERICAN
INSURANCE COMPANY'S
ANSWER TO DEFENDANT
JOSEPH ZELIK'S
COUNTERCLAIMS**

Plaintiff Great American Insurance Company (hereinafter "GAIC"), by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, answers the Counterclaims of Defendant Joseph Zelik (hereinafter "Zelik"), as follows:

1.       Denies the allegations set forth in Paragraph 1 of the Counterclaims, except admits only that Zelik purports to proceed as stated therein.

2.       Denies knowledge or information sufficient to form a belief about the truth and allegations set forth in Paragraph 2 of the Counterclaims, except admits only that Zelik owns commercial real estate in the City of New York.

3.       Admits only that GAIC is a corporation with its principal place of business in Cincinnati, Ohio, and organized under the laws of the State of Ohio.

4.       Denies the allegations set forth in Paragraph 4 of the Counterclaims, except admits that Zelik purports to invoke the jurisdiction of the Court as stated therein.

5.      Denies the allegations set forth in Paragraph 5 of the Counterclaims, except admits that Zelik purports to invoke the jurisdiction of the Court as stated therein.

6.      Denies the allegations set forth in Paragraph 6 of the Counterclaims, except admits that Zelik purports to invoke the jurisdiction of the Court as stated therein.

7.      Denies the allegations set forth in Paragraph 7 of the Counterclaims, except admits that Zelik purports to lay venue as stated therein.

8.      Denies the allegations set forth in Paragraph 8 of the Counterclaims, except admits only that Zelik was issued Certificates of Coverage by GAIC dating back to September 22, 2011 until at least March 15, 2019, as a member of Distinguished Properties Umbrella Managers' real estate risk purchasing group.

9.      Denies the allegations set forth in Paragraph 9 of the Counterclaims, except admits only that Distinguished Properties Umbrella Managers is a real estate risk purchasing group managed by Distinguished Programs Insurance Brokerage, LLC, and is authorized by GAIC to underwrite or submit applications for commercial umbrella and excess liability insurance policies issued by GAIC.

10.     Denies the allegations set forth in Paragraph 10 of the Counterclaims, except admits only that Zelik was issued Certificates of Coverage as a member of Distinguished Properties Umbrella Managers' real estate risk purchasing group dating back to September 22, 2011 until at least March 15, 2019, listing certain properties.

11.     Denies the allegations set forth in Paragraph 11 of the Counterclaims, except admits only that Distinguished Programs Insurance Brokerage, Inc. approved the application submitted by Zelik on July 29, 2014, renewing his membership in Distinguished Properties Umbrella Managers' real estate risk purchasing group and was issued a Certificate of Coverage, Certificate

2

Number 30025110, which provided $5 million of umbrella and excess liability insurance coverage for the period of September 22, 2014 to September 22, 2015 under GAIC's Umbrella Policy.

12.      Denies the allegations set forth in Paragraph 12 of the Counterclaims, except admits only that the Certificate of Coverage, Certificate Number 30025110 issued to Zelik, lists 29 locations for which umbrella and excess liability insurance coverage was provided, including 467 Bushwick Avenue, Brooklyn, New York, which was identified as a 6000 Square foot parking lot owned by Zelik in the his online application submitted to Distinguished Programs Insurance Brokerage, Inc. on July 29, 2014.

13.      Denies the allegations set forth in Paragraph 13 of the Counterclaims, except admits only that Certificates of Coverage, Certificate Number 30025110 issued to Zelik, provided umbrella and excess liability insurance coverage for the period of September 22, 2014 to September 22, 2015.

14.      Denies the allegations set forth in Paragraph 14 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of the GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms of the policy.

15.      Denies the allegations set forth in Paragraph 15 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of the GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

16.     Denies the allegations set forth in Paragraph 16 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

17.     Denies the allegations set forth in Paragraph 17 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

18.     Denies the allegations set forth in Paragraph 18 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

19.     Denies the allegations set forth in Paragraph 19 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

20.     Denies the allegations set forth in Paragraph 20 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's

Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

21.　　Denies the allegations set forth in Paragraph 21 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

22.　　Denies the allegations set forth in Paragraph 22 of the Counterclaims and state that that there are no exhibits, including the policy cited by Zelik as "Ex. A, Umbrella Policy" attached to the Counterclaims and further state that to the extent Zelik is referring to the terms of GAIC's Master Policy Number UM3305282, GIAC respectfully refers the Court to the section therein for a full recitation of the terms.

23.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 23 of the Counterclaims.

24.　　Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 24 of the Counterclaims.

25.　　Denies the allegations set forth in Paragraph 25 of the Counterclaims.

26.　　Denies the allegations set forth in Paragraph 26 of the Counterclaims.

27.　　Admits only that the complaint filed by Kim Hodges against Zelik in the Supreme Court of New York, Kings County, Index No. 10514/2015, alleges that Hodges sustained injuries as a result of a trip and fall accident at 467 Bushwick Avenue, Brooklyn, New York on July 2, 2015.

28.     Admits only that the complaint filed by Kim Hodges against Zelik in the Supreme Court of New York, Kings County, Index No. 10514/2015 ("Hodges Lawsuit"), alleges that Hodges sustained injuries as a result of a trip and fall accident at 467 Bushwick Avenue, Brooklyn, New York on July 2, 2015.

29.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 29 of the Counterclaims.

30.     Denies the allegations set forth in Paragraph 30 of the Counterclaims, except admits only that, on or about January 28, 2019, GAIC became aware for the first time that the primary policy issued by Allstate Insurance Company ("Allstate") to Zelik, which purportedly covers 467 Bushwick Avenue for the Hodges Lawsuit, was a homeowners' policy, not a Commercial General Liability insurance policy required by the application submitted by Zelik to Distinguished Programs Insurance Brokerage, LLC.

31.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 31 of the Counterclaims.

32.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 32 of the Counterclaims, except admit only that Allstate tendered the limit of its primary policy to settle the Hodges Lawsuit.

33.     Denies knowledge or information sufficient to form a belief as to the truth of allegations set forth in Paragraph 33 of the Counterclaims, except admits only that, on or about January 28, 2019, GAIC became aware for the first time that the primary policy issued by Allstate Insurance Company ("Allstate") to Zelik, which purportedly covers 467 Bushwick Avenue for the Hodges Lawsuit, was a homeowners' policy, and not the kind of Commercial General Liability

2788310v.2

insurance policy required by the application submitted by Zelik to Distinguished Programs Insurance Brokerage, LLC.

34.     Denies the allegations set forth in Paragraph 34 of the Counterclaims.

35.     Denies the allegations set forth in Paragraph 35 of the Counterclaims.

36.     Denies the allegations set forth in Paragraph 36 of the Counterclaims.

37.     Denies the allegations set forth in Paragraph 37 of the Counterclaims, except admits only that Allstate tendered the limit of its primary policy to settle the Hodges Lawsuit.

38.     Denies the allegations set forth in Paragraph 38 of the Counterclaims, except admits only that Allstate tendered the limit of its primary policy to settle the Hodges Lawsuit.

39.     Admits only that, on February 27, 2019, GAIC denied umbrella coverage for the Hodges Lawsuit and advised Zelik of its intention to file a lawsuit seeking to rescind or reform the umbrella policies issued as to  those locations for which the primary polices are homeowners' policies, based upon material misrepresentations in the applications for the umbrella and excess coverage.

40.     Denies the allegations set forth in Paragraph 40 of the Counterclaims, except admits only that GAIC is seeking rescission of all or parts of the umbrella liability insurance coverage provided by GAIC under the Certificate of Coverage in its pending rescission action.

41.     Denies the allegations set forth in Paragraph 41 of the Counterclaims, except admits only that, on February 27, 2019, GAIC denied umbrella coverage for the Hodges Lawsuit and advised Zelik of its intension to file a lawsuit seeking to rescind or reform the umbrella policies issued as to those locations for which the primary polices are homeowners' policies, based upon material misrepresentations in the applications for the umbrella and excess coverage.

42.     Denies knowledge or information sufficient to form a belief as to the truth of allegations concerning the legal expenses incurred by Zelik and denies the remaining allegations set forth in Paragraph 42 of the Counterclaims, except admits only that Zelik purports to proceed as stated therein.

43.     In response to the allegations set forth in Paragraph 43 of the Counterclaim, GAIC repeats and re-alleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44.     Objects to and denies the embedded assertion "[a]s a result of the Underlying Action" and denies the remaining allegations set forth in Paragraph 44 of the Counterclaims.

45.     Denies the allegations set forth in Paragraph 45 of the Counterclaims.

46.     Denies the allegations set forth in Paragraph 46 of the Counterclaims.

47.     Denies the allegations set forth in Paragraph 47 of the Counterclaims.

48.     Objects to and denies the embedded assertion "[b]y reason of the foregoing" and denies the remaining allegations set forth in Paragraph 48 of the Counterclaims.

49.     Denies the allegations set forth in Paragraph 49 of the Counterclaims, except admits only that Zelik purports to seek the relief as stated therein.

50.     Denies the allegations set forth in Paragraph 50 of the Counterclaims, except admits only that Zelik purports to seek the relief as stated therein and respectfully refers the Court to the decision in the case cited therein.

51.     In response to the allegations set forth in Paragraph 51 of the Counterclaim, GAIC repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52.     Denies the allegations set forth in Paragraph 52 of the Counterclaims.

8

53.     Denies the allegations set forth in Paragraph 53 of the Counterclaims.

54.     Denies knowledge and information sufficient to form a belief of the allegations concerning the legal expenses incurred by Zelik and denies the remaining allegations set forth in Paragraph 54 of the Counterclaims.

55.     Denies the allegations set forth in Paragraph 55 of the Counterclaims, except admits only that GAIC is seeking to rescind or reform the umbrella policies issued as to those locations for which the primary polices are homeowners' policies based upon material misrepresentations in the applications for the umbrella and excess coverage.

56.     Objects to and denies the embedded assertion "[a]s a result of said breach" and denies the remaining allegations set forth in Paragraph 56 of the Counterclaims.

57.     Denies the allegations set forth in Paragraph 57 of the Counterclaims.

58.     Denies knowledge and information sufficient to form a belief concerning the legal expenses incurred by Zelik and denies the remaining allegations set forth in Paragraph 58 of the Counterclaims.

59.     In response to the allegations set forth in Paragraph 59 of the Counterclaim, GAIC repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

60.     Denies the allegations set forth in Paragraph 60 of the Counterclaims.

61.     Denies the allegations set forth in Paragraph 61 of the Counterclaims.

62.     Denies knowledge and information sufficient to form a belief concerning the fees incurred by Zelik and denies the remaining allegations set forth in Paragraph 62 of the Counterclaims.

63.     Denies the allegations set forth in Paragraph 63 of the Counterclaims.

9

64.     Denies the allegations set forth in Paragraph 64 of the Counterclaims.

65.     Denies the allegations set forth in Paragraph 65 of the Counterclaims.

66.     Denies the allegations set forth in Paragraph 66 of the Counterclaims.

67.     Objects to and denies the embedded assertion "[a]s a result of said anticipatory breach" and denies the remaining allegations set forth in Paragraph 67 of the Counterclaims.

68.     Denies the allegations set forth in Paragraph 68 of the Counterclaims and respectfully refers the Court to the decision of the case cited therein.

69.     Denies knowledge and information sufficient to form a belief concerning the fees incurred by Zelik and denies the remaining allegations set forth in Paragraph 69 of the Counterclaims.

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

1.     The Counterclaims fails to state a claim upon which relief may be granted.

2.     The Counterclaims are frivolous and/or meritless.

3.     The Counterclaims are barred by the doctrine of unclean hands.

4.     The Counterclaims are barred by the doctrine of waiver.

5.     The Counteclaims are barred by the doctrine of laches.

6.     Great American breached no duty owed to Zelik.

7.     Should the Policy and/or Certificate of Coverage be rescinded ab initio, or reformed, no coverage is owed to Zelik by Great American.

8.     Even without rescission or reformation, Zelik has not complied with the terms, conditions, and provisions of all Master Umbrella Policies and Certificates of Coverage issued to Zelik by Great American or Distinguished.

2788310v.2

9.      Zelik and his agents made material misrepresentations to Great American and/or Great American's agents to induce Great American and/or Great American's agents to issue Certificates of Coverage to Zelik under Great American's Master Umbrella Policies.

10.      Great American would not have extended coverage to Zelik had it known of the falsity of the material misrepresentations made by Zelik in his applications for Great American's Master Umbrella Policies.

11.      While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy for failure of Zelik to comply with the Policy's requirement in Schedule A-Schedule of Underlying Insurance, specifically for a $2 million General Aggregate in his primary policy.

12.      While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy for failure of Zelik to comply with the Policy's requirement in Schedule A-Schedule of Underlying Insurance, specifically for a $1 million in Personal & Advertising Injury coverage in his primary policy.

13.      While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy for failure of Zelik to comply with the Policy's requirement in Schedule A-Schedule of Underlying Insurance, specifically for Products/Completed Operations Aggregate coverage in his primary policy.

14.      While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded,

11

there would be no coverage under the Master Umbrella Policy for failure of Zelik to comply with the Policy's requirement in Schedule A-Schedule of Underlying Insurance, specifically for $1 million per claim employee benefits liability coverage in his primary policy.

15.     While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy for failure of Zelik to comply with the Policy's requirement in Schedule A-Schedule of Underlying Insurance, specifically for $500,000 Employer's Liability Coverage in his primary policy.

16.     While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy for failure of Zelik to obtain $1 million of coverage per location coverage for all insured locations.

17.     While denying the allegations of Zelik's counterclaim that there is coverage under Great American's Master Umbrella Policy, even if the Master Umbrella Policy was not rescinded, there would be no coverage under the Master Umbrella Policy available to Zelik because of exclusions in the underlying primary homeowners' insurance policy issued by Allstate Insurance Company, excluding coverage for bodily injury arising out of past or present business activities of an insured person, to which exclusions the Master Umbrella Policy follows form.

18.     There was a mutual mistake of fact by Zelik and Great American regarding the underlying insurance maintained by Zelik.

19.     Zelik's counterclaim must be dismissed because of Zelik's own comparative fault in failing to read and review the application for Great American's Master Umbrella Policy.

20.     Zelik's counterclaim must be dismissed because of Zelik's own comparative fault in failing to read and review Great American's Master umbrella policy.

21.     Zelik's counterclaim must be dismissed because Zelik's failure to read and review Great American's Master Umbrella Policy means that Zelik did not have a reasonable expectation of coverage under the Master Umbrella Policy for any insured locations for which the underlying, primary insurance was the Allstate Homeowners' policy that did not comply with the underlying insurance requirements of the Master Umbrella Policy.

22.     If the Master Umbrella Policy and/or the Certificates of Coverage are rescinded with respect to Zelik due to Zelik's material misrepresentations, Great American reserves the right to recoup attorneys' fees and costs of suit in order to be placed back into the status quo ante.

**WHEREFORE,** Plaintiff Great American Insurance Company requests a judgment dismissing Defendant Joseph Zelik's Counterclaims in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: August 8, 2019
        Florham Park, New Jersey     By:       _s/Mark R. Vespole_____
                                                          Mark Robert Vespole, Esq.
                                                           **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
                                                            200 Campus Drive – Suite 400
                                                            Florham Park, NJ 07932
                                                            *Attorneys for Plaintiff Great American Insurance Company*

**By ECF**:
Marshall Gilinsky, Esq.
Anderson Kill P.C.
1251 Avenue of the Americas
New York, New York 10020
Email: mgilinsky@andersonkill.com
*Attorneys for Defendant Joseph Zelik*

Howard Kronberg, Esq.
*Attorneys for Third-Party Defendant*

13