Mark Robert Vespole
Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive – Suite 400
Florham Park, NJ 07932
*Attorneys for Plaintiff*
Great American Insurance Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | CASE NO.: 19-cv-01805 (JSR) |
| Plaintiff/Counter-Defendant, | CIVIL ACTION |
| - against - | **LEGAL BRIEF** |
| JOSEPH ZELIK, | |
| Defendant/Counter-Plaintiff, | |
| JOSEPH ZELIK, | |
| Third-Party Plaintiff, | |
| - against - | |
| SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE, INC., | |
| Third-Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DEPOSIT FUNDS INTO THE COURT REGISTRY**

---

Mark Robert Vespole
Nana K. Sarpong
*Attorneys for Plaintiff*
Great American Insurance Company

# TABLE OF CONTENTS

**LEGAL ARGUMENT** ........................................................................................................... 1

   POINT I: ............................................................................................................................... 1

      THE COURT SHOULD GRANT PLAINTIFF GREAT AMERICAN INSURANCE
      COMPANY LEAVE TO DEPOSIT THE PREMIUMS PAID BY JOSEPH ZELIK INTO
      COURT. ............................................................................................................................. 1

**CONCLUSION** ..................................................................................................................... 3

**LEGAL ARGUMENT**

**POINT I:**

**THE COURT SHOULD GRANT PLAINTIFF GREAT AMERICAN INSURANCE COMPANY LEAVE TO DEPOSIT THE PREMIUMS PAID BY JOSEPH ZELIK INTO COURT.**

Plaintiff Great American Insurance Company ("GAIC") initiated this action against Defendant Joseph Zelik ("Zelik") seeking to rescind Certificates of Coverage issued to Zelik for coverage under Master Umbrella Policies issued by GAIC to it's program manager, Distinguished Properties Umbrella Managers, Inc. ("Distinguished"), for which Zelik intended to seek coverage as a member of Distinguished's risk purchasing group. Alternatively, GAIC seeks to rescind or reform the umbrella and excess liability insurance coverage provided to Zelik under the Certificates of Coverage to certain properties listed on the Schedule on Locations to which the Certificates of Coverage apply, namely: (1) 5810 15th Avenue, Brooklyn, New York; (2) 467 Bushwick Avenue, Brooklyn, New York; (3) 82 Ryerson Street, Brooklyn New York; and (4) 508 Rockaway Avenue, Brooklyn, New York. (*See* Amended Complaint, Docket No. 10) Under New York law, insurers who rescind an insurance policy are required to return premiums associated with that policy. *Am. Gen. Life Ins. Co. v. Salamon*, 483 Fed. Appx. 609, 611-612 (2d. Cir. 2012) (*citing Kiss Constr. NY, Inc. v. Rutgers Cas. Ins. Co.*, 61 AD3d 412, 415 (1st Dept. 2009) (holding that the insurer who successfully rescinded the policy was obligated by law to refund the insurer's premium payments); *see also La Rocca v. John Hancock Mut. Life Ins. Co.*, 286 N.Y. 233, 238 (1941); *Friedman v. Prudential Life Ins. Co.*, 589 F.Supp. 1017, 1027-28 (S.D.N.Y. 1984).

The basis for GAIC's rescission/reformation allegations is that Zelik failed to procure the requisite underlying commercial general liability primary insurance for the 467 Bushwick Ave. location which is the subject of a separate lawsuit by Kim Hodges against Zelik in New York

Supreme Court, Kings County. At the time GAIC learned that the underlying primary policy for 467 Bushwick Ave. was a homeowners' policy issued by Allstate Insurance Company, it was unaware of what other properties on the Schedule of Locations did not comply with the underwriting and application requirements for underlying primary insurance. Since no premium was charged for the 467 Bushwick Ave. location because it was listed as a vacant lot, there was no premium for GAIC to return to Zelik. GAIC's Amended Complaint sought to rescind either all of the Master Umbrella Policies and Certificates of Coverage issued from inception on September 22, 2011 through on or about September 22, 2019, as to all insured locations, or alternatively just those locations for which the underlying primary insurance did not comply with the underwriting and application requirements. (*See* Compl., Docket No. 10)

Until Zelik filed his Answer to the Amended Complaint, Counterclaim and Third Party Complaint, GAIC was unaware of which properties owned by Zelik on the Schedule of Locations did not have the required underlying primary insurance. Since the 82 Ryerson Ave. and 508 Rockaway Ave. locations are also vacant lots, there was no premium charged for the umbrella coverage and, therefore, no premium to return. (*See* Zelik's Responsive Pleading, Docket No. 18) However, based upon Zelik's responsive pleading, specifically the Third-Party Complaint, GAIC has learned that the rental property located at 5810 15th Ave. was also insured under a homeowners' policy. (*See Id.* at ¶¶19-21) GAIC now seeks to deposit all of the applicable premiums paid by Zelik into court since inception of coverage on September 22, 2011 for the 5810 15th Ave. location to abide the outcome of this lawsuit, since that appears at this time to be the only insured location for which the underlying primary insurance was non-compliant homeowners insurance and Zelik actually paid a premium. The total return premium for the policy years 2011 through 2019 is $303.99.

Rule 67 of the Federal Rules of Civil Procedure governs the deposit of money into court by a litigant. The Rule states, in pertinent part:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.
>
> (b) Investing and Withdrawing Funds. Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

If GAIC is successful in prosecuting this rescission action, it will be required to return the premiums paid by Zelik. GAIC consequently seeks to pay into court the sum of $303.99, which represents the all premiums paid by Zelik in connection with all of the Master Umbrella Policies and the applicable Certificates of Coverage at issue from September 22, 2011 to September 22, 2019 for the 5810 15th Ave. location which is represented by Zelik to be the only insured location for which the underlying primary coverage was homeowners insurance, and for which he paid a premium for the umbrella policies..

## CONCLUSION

For the foregoing reasons, Plaintiff Great American Insurance Company should be granted leave to deposit the premiums paid by Defendant Joseph Zelik into court with respect to the Policy. Accordingly, GAIC respectfully requests that an Order should be entered directing the Clerk of the Court to allow the payment of the premiums into court pending resolution of this litigation.

Dated: August 19, 2019
       Florham Park, New Jersey

                              Wilson Elser Moskowitz Edelman & Dicker
                              200 Campus Drive – Suite 400
                              Florham Park, NJ 07932
                              *Attorneys for Plaintiff*
                              *Great American Insurance Company*

                    By:   */s/ Mark R. Vespole*
                              Mark Robert Vespole
                              Nana K. Sarpong

TO:

Howard Kronberg, Esq.
Keidel, Weldon & Cunningham, LLP
925 Westchester Avenue, Suite 400
White Plains, New York 10604
hkronberg@kwcllp.com

Marshall Gilinsky, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: mgilinsky@andersonkill.com

Grant E. Brown, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: gbrown@andersonkill.com