UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | CASE NO.: 19-cv-01805 (JSR) |
| Plaintiff/Counter-Defendant, | CIVIL ACTION |
| - against - | PROPOSED ORDER |
| JOSEPH ZELIK, | |
| Defendant/Counter-Plaintiff, | |
| JOSEPH ZELIK, | |
| Third-Party Plaintiff, | |
| - against - | |
| SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE, INC., | |
| Third-Party Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/19

THIS MATTER having been opened to the Court by Plaintiff Great American Insurance Company upon an application for the entry of an Order permitting leave to deposit premiums paid by Defendant Joseph Zelik into court, and the Court having satisfied itself that the requested relief is warranted,

IT IS on this 28th day of August 2019,

ORDERED that plaintiff Great American Insurance Company's motion is GRANTED;

ORDERED that the Clerk of the Court is hereby directed to allow Great American Insurance Company to pay into the registry of this Court the funds at issue of Three Hundred and Three Dollars and Ninety-Nine Cents ($303.99).

ORDERED that, upon receipt of the check for Three Hundred and Three Dollars and Ninety-Nine Cents ($303.99), the Clerk of the Court shall invest the entire amount into the Court Registry Investment System, or other applicable interest-bearing account utilized by the Southern District of New York.

ORDERED that, pursuant to Local Rule 67.1, the Clerk of the Court is directed to deduct from the income on the principal sum to be invested a fee equal to ten per cent (10%) of the income earned, but not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office.

ORDERED that the deposited funds shall remain in the Court Registry Investment System, or other applicable interest-bearing account, pending adjudication of the claims at issue in this litigation as confirmed by a final judgment of this Court; or until such time as an Order is entered by this Court directing the release of all or part of the deposited funds.

Honorable Jed S. Rakoff

_____

Dated: 8/28/19

Mark Robert Vespole
Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive – Suite 400
Florham Park, NJ 07932
*Attorneys for Plaintiff*
Great American Insurance Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | : | CASE NO.: 19-cv-01805 (JSR) |
| | : | |
| Plaintiff/Counter-Defendant, | : | CIVIL ACTION |
| | : | |
| - against - | : | **LEGAL BRIEF** |
| | : | |
| JOSEPH ZELIK, | : | |
| | : | |
| Defendant/Counter-Plaintiff, | :: | |
| | X | |
| JOSEPH ZELIK, | : | |
| | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE, INC., | : | |
| | : | |
| Third-Party Defendant. | :: | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S MOTION TO DEPOSIT FUNDS INTO THE COURT REGISTRY**

---

Mark Robert Vespole
Nana K. Sarpong
*Attorneys for Plaintiff*
*Great American Insurance Company*

# TABLE OF CONTENTS

**LEGAL ARGUMENT** ................................................................................................................. 1

    POINT I: ..................................................................................................................................... 1

    THE COURT SHOULD GRANT PLAINTIFF GREAT AMERICAN INSURANCE
    COMPANY LEAVE TO DEPOSIT THE PREMIUMS PAID BY JOSEPH ZELIK INTO
    COURT. ...................................................................................................................................... 1

    **CONCLUSION** ......................................................................................................................... 3

## **LEGAL ARGUMENT**

### POINT I:

### THE COURT SHOULD GRANT PLAINTIFF GREAT AMERICAN INSURANCE COMPANY LEAVE TO DEPOSIT THE PREMIUMS PAID BY JOSEPH ZELIK INTO COURT.

Plaintiff Great American Insurance Company ("GAIC") initiated this action against Defendant Joseph Zelik ("Zelik") seeking to rescind Certificates of Coverage issued to Zelik for coverage under Master Umbrella Policies issued by GAIC to it's program manager, Distinguished Properties Umbrella Managers, Inc. ("Distinguished"), for which Zelik intended to seek coverage as a member of Distinguished's risk purchasing group. Alternatively, GAIC seeks to rescind or reform the umbrella and excess liability insurance coverage provided to Zelik under the Certificates of Coverage to certain properties listed on the Schedule on Locations to which the Certificates of Coverage apply, namely: (1) 5810 15th Avenue, Brooklyn, New York; (2) 467 Bushwick Avenue, Brooklyn, New York; (3) 82 Ryerson Street, Brooklyn New York; and (4) 508 Rockaway Avenue, Brooklyn, New York. (*See* Amended Complaint, Docket No. 10) Under New York law, insurers who rescind an insurance policy are required to return premiums associated with that policy. *Am. Gen. Life Ins. Co. v. Salamon*, 483 Fed. Appx. 609, 611-612 (2d. Cir. 2012) (*citing Kiss Constr. NY, Inc. v. Rutgers Cas. Ins. Co.*, 61 AD3d 412, 415 (1st Dept. 2009) (holding that the insurer who successfully rescinded the policy was obligated by law to refund the insurer's premium payments); *see also La Rocca v. John Hancock Mut. Life Ins. Co.*, 286 N.Y. 233, 238 (1941); *Friedman v. Prudential Life Ins. Co.*, 589 F.Supp. 1017, 1027-28 (S.D.N.Y. 1984).

The basis for GAIC's rescission/reformation allegations is that Zelik failed to procure the requisite underlying commercial general liability primary insurance for the 467 Bushwick Ave. location which is the subject of a separate lawsuit by Kim Hodges against Zelik in New York

1

2798453v.1

Supreme Court, Kings County. At the time GAIC learned that the underlying primary policy for 467 Bushwick Ave. was a homeowners' policy issued by Allstate Insurance Company, it was unaware of what other properties on the Schedule of Locations did not comply with the underwriting and application requirements for underlying primary insurance. Since no premium was charged for the 467 Bushwick Ave. location because it was listed as a vacant lot, there was no premium for GAIC to return to Zelik. GAIC's Amended Complaint sought to rescind either all of the Master Umbrella Policies and Certificates of Coverage issued from inception on September 22, 2011 through on or about September 22, 2019, as to all insured locations, or alternatively just those locations for which the underlying primary insurance did not comply with the underwriting and application requirements. (*See* Compl., Docket No. 10)

Until Zelik filed his Answer to the Amended Complaint, Counterclaim and Third Party Complaint, GAIC was unaware of which properties owned by Zelik on the Schedule of Locations did not have the required underlying primary insurance. Since the 82 Ryerson Ave. and 508 Rockaway Ave. locations are also vacant lots, there was no premium charged for the umbrella coverage and, therefore, no premium to return. (*See* Zelik's Responsive Pleading, Docket No. 18) However, based upon Zelik's responsive pleading, specifically the Third-Party Complaint, GAIC has learned that the rental property located at 5810 15th Ave. was also insured under a homeowners' policy. (*See Id.* at ¶¶19-21) GAIC now seeks to deposit all of the applicable premiums paid by Zelik into court since inception of coverage on September 22, 2011 for the 5810 15th Ave. location to abide the outcome of this lawsuit, since that appears at this time to be the only insured location for which the underlying primary insurance was non-compliant homeowners insurance and Zelik actually paid a premium. The total return premium for the policy years 2011 through 2019 is $303.99.

2

Rule 67 of the Federal Rules of Civil Procedure governs the deposit of money into court by a litigant. The Rule states, in pertinent part:

> (a) Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.
>
> (b) Investing and Withdrawing Funds. Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

If GAIC is successful in prosecuting this rescission action, it will be required to return the premiums paid by Zelik. GAIC consequently seeks to pay into court the sum of $303.99, which represents the all premiums paid by Zelik in connection with all of the Master Umbrella Policies and the applicable Certificates of Coverage at issue from September 22, 2011 to September 22, 2019 for the 5810 15th Ave. location which is represented by Zelik to be the only insured location for which the underlying primary coverage was homeowners insurance, and for which he paid a premium for the umbrella policies..

## **CONCLUSION**

For the foregoing reasons, Plaintiff Great American Insurance Company should be granted leave to deposit the premiums paid by Defendant Joseph Zelik into court with respect to the Policy. Accordingly, GAIC respectfully requests that an Order should be entered directing the Clerk of the Court to allow the payment of the premiums into court pending resolution of this litigation.

3

2798453v.1

Dated: August 19, 2019
Florham Park, New Jersey

Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive – Suite 400
Florham Park, NJ 07932
*Attorneys for Plaintiff*
*Great American Insurance Company*

By: /s/ Mark R. Vespole
Mark Robert Vespole
Nana K. Sarpong

TO:

Howard Kronberg, Esq.
Keidel, Weldon & Cunningham, LLP
925 Westchester Avenue, Suite 400
White Plains, New York 10604
hkronberg@kwcllp.com

Marshall Gilinsky, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: mgilinsky@andersonkill.com

Grant E. Brown, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: gbrown@andersonkill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>JOSEPH ZELIK<br><br>Defendant/ Counter-Plaintiff /Third-Party Plaintiff, | Case No.: 1:19-CV-01805-JSR |
| JOSEPH ZELIK<br><br>Defendant/ Counter-Plaintiff /Third-Party Plaintiff,<br><br>v.<br><br>SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE INC.<br><br>Third-Party Defendants | |

**DEFENDANT JOSEPH ZELIK'S RESPONSE TO
PLAINTIFF GREAT AMERICAN INSURANCE COMPANY'S
<u>MOTION TO DEPOSIT FUNDS INTO THE COURT REGISTRY</u>**

Defendant/Counter-Plaintiff/Third-Party Plaintiff Joseph Zelik, by and through his attorneys, Anderson Kill, P.C., respectfully responds to Plaintiff/Counter-Defendant Great American Insurance Company's ("Great American") Motion to Deposit Funds into the Court Registry as follows:

Mr. Zelik does not oppose Great American's request to deposit with the court funds in the amount of $303.99. Mr. Zelik, however, continues to maintain that Great American's causes of action for rescission and reformation are improper and that it is not entitled to the equitable relief

docs-100193857.1

that it seeks. Mr. Zelik reserves argument on these contested issues, which he will raise in his Motions for Summary Judgment under Rule 56 following discovery in this case.

Dated: August 23, 2019

By: ___/s/ Marshall Gilinsky___

Anderson Kill P.C.
Marshall Gilinsky, Esq.
1251 Avenue of the Americas
New York, NY 10020
212-278-1000
mgilinsky@andersonkill.com

Attorneys for Defendant
JOSEPH ZELIK

2

docs-100193857.1

Mark Robert Vespole
Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive – Suite 400
Florham Park, NJ 07932
*Attorneys for Plaintiff*
Great American Insurance Company

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | CASE NO.: 19-cv-01805 (JSR) |
|  | CIVIL ACTION |
| Plaintiff/Counter-Defendant, |  |
| - against - | **NOTICE OF MOTION** |
| JOSEPH ZELIK, |  |
| Defendant/Counter-Plaintiff, |  |
| JOSEPH ZELIK, |  |
| Third-Party Plaintiff, |  |
| - against - |  |
| SECURE INSURE BROKERAGE INC. f/k/a INSURE SECURE, INC., |  |
| Third-Party Defendant. |  |

TO:   *All counsel on attached Certificate of Service*

**PLEASE TAKE NOTICE** that the undersigned counsel for Plaintiff Great American Insurance Company ("GAIC") shall move before the Honorable Jed S. Rakoff at the United States District Court, Southern District of New York, located at 500 Pearl Street, New York, NY 10007-

1312, Courtroom 14-B, for the entry of an Order granting Great American Insurance Company leave to deposit certain monies into the Registry of this Court.

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, Plaintiff shall rely upon its Legal Brief, which is served herewith.

**PLEASE TAKE FURTHER NOTICE** that answering papers must be served within the times set forth by Southern District of New York Local Rule 6.1, and in the form and manner prescribed by the Individual Rules of Practice of the Honorable Jed S. Rakoff.

Dated: August 19, 2019
Florham Park, New Jersey

                          Wilson Elser Moskowitz Edelman & Dicker
                          200 Campus Drive – Suite 400
                          Florham Park, NJ 07932
                          *Attorneys for Plaintiff*
                          *Great American Insurance Company*

              By:   */s/ Mark R. Vespole*
                      Mark Robert Vespole
                      Nana K. Sarpong

Howard Kronberg, Esq.
Keidel, Weldon & Cunningham, LLP
925 Westchester Avenue, Suite 400
White Plains, New York 10604

Marshall Gilinsky, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: mgilinsky@andersonkill.com

Grant E. Brown, Esq.
ANDERSON KILL LLP
*Attorneys for Defendant Joseph Zelik*
1251 Avenue of the Americas
New York, New York 10020
email: gbrown@andersonkill.com