UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREAT AMERICAN INSURANCE
COMPANY,
    Plaintiff/Counter-
    Defendant,

-against-

JOSEPH ZELIK,
    Defendant/Counter-
    Plaintiff/Third-Party
    Plaintiff.

-against-

SECURE INSURE BROKERAGE,
INC.,
    Third-Party Defendant

---

19-cv-1805 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

This case involves a dispute between an umbrella-policy insurance carrier, Great American Insurance Co. ("GAIC"), Joseph Zelik, a real estate investor, and Zelik's insurance broker, Secure Insure ("Secure"), over whether an umbrella insurance policy (the "Umbrella Insurance Policy") issued by GAIC covers a loss on Zelik's property. The parties' familiarity with the facts and procedural history of the case is presumed. On January 6, 2020, this Court issued an order disposing of the parties' motions for summary judgment. Memorandum Order, ECF No. 67 ("SJ Order"). GAIC and Secure now move for reconsideration of portions of that order. For the reasons below, GAIC's motion for

1

reconsideration is denied in its entirety, and Secure's motion for reconsideration is largely denied but is granted in small part.

I. Motion for Reconsideration Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). This strict standard is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013).

II. GAIC Motion for Reconsideration

2

GAIC moves for reconsideration on three grounds. For the reasons outlined below, none justifies granting its motion for reconsideration.

a. Policy Language as Evidence of Materiality

GAIC first argues that the Court's finding that a question of fact exists regarding the materiality of Zelik's misrepresentation constitutes a "glaring" error justifying reconsideration. In its order, the Court found that Zelik "has adduced evidence suggesting that the misrepresentation was not material" based in part on a clause in the Umbrella Insurance Policy stating that if an insured fails to maintain compliant underlying coverage, GAIC "will only be liable to the same extent that [it] would have been had [the insured] fully complied with" the policy requirements. SJ Order at 10.[1] GAIC suggests that the Court's reliance on the policy language was erroneous because policy language "cannot be considered by the finder of fact in evaluating" materiality under New York law. Pl. GAIC's Mem. of Law in Support of its Motion for Reconsideration at 5, ECF No. 73 ("GAIC Reconsideration Mem.").

---

[1] The Court will not entertain GAIC's "request[] that the Court enumerate" all other evidence of a lack of materiality that Zelik has adduced "to identify issues for trial." Pl. GAIC's Mem. of Law in Support of its Motion for Reconsideration at 5, ECF No. 73. The Court has already identified materiality as an issue for trial and declines to provide GAIC special assistance in its trial preparation.

GAIC, however, mischaracterizes New York law. GAIC points primarily to two cases that it purports hold that a fact finder may not consider policy language in assessing materiality in a rescission claim. Both are inapposite. First, GAIC relies on Admiral Ins. Co. v. Joy Contractors, Inc., 19 N.Y.3d 448 (2012). In that case, the court assessed whether it was proper to dismiss a rescission cause of action against unnamed insureds while allowing it to proceed against a named insured. The court held that this was not permissible because a successful rescission claim against the named insured would necessarily void the insurance policy as to all insureds, named or unnamed. Id. at 461. Once a policy has been voided, in other words, no party may be "permitted to rely on the terms of [that] policy . . . to create coverage." Id. This holding does nothing to limit the Court's use of the terms of a policy to determine materiality -- and thus voidness -- in the first instance.

The second case that GAIC relies on, Precision Auto Accessories v. Utica First Ins. Co., 52 A.D.3d 1198 (4th Dept. 2008), does nothing more to bar consideration of policy language in a materiality assessment. In that case, an insurance company had established as a matter of law that an insured made a material misrepresentation. Id. at 1200. The insured nonetheless attempted to avoid rescission by claiming that the policy itself required the insurer to prove that the misrepresentation was

4

willful to rescind the contract. Id. at 1200-01. Refusing to import a willfulness requirement into rescission law, the court held that "when an insurance policy is void ab initio based on material misrepresentations in the application, it is as if the policy never came into existence, and an insured cannot create coverage by relying on the terms of a policy that never existed." Id. at 1201. Again, a holding that an insured may not rely on void policy language does not demonstrate that a fact finder may not look to the language of a policy to decide whether the policy is void based on a material misrepresentation in the first instance.

In short, neither these cases nor any other cases that GAIC cites stands for the proposition that a fact finder cannot look to policy language in assessing materiality. Reconsideration is thus not warranted based on the Court's consideration of policy language in its materiality analysis.

b. Partial Rescission Language

GAIC next argues that the Court should reconsider "[its] conclusion that only partial rescission is at issue." GAIC Reconsideration Mem. at 6. The Court, however, never drew such a conclusion. Based on GAIC's exclusive focus in its summary judgment moving papers on partial rescission, the Court noted that "[i]n this case, GAIC does not seek full rescission of the insurance contract, but instead partial rescission as to those

5

properties that had underlying homeowner's insurance policies." SJ Order at 11. The Court's characterization of the relief GAIC sought at the summary judgment stage, however, does not preclude GAIC seeking full rescission at trial.[2] Moreover, whether GAIC sought partial or total rescission had no impact on the Court's denial of any party's summary judgment motion on GAIC's rescission claim. Reconsideration is thus not warranted on this ground.

c. Meaning of Non-Business Activities

GAIC last argues that reconsideration is warranted because, contrary to the Court's holding, the term "business activity" may not have different meanings in the context of the Umbrella Insurance Policy and the Allstate homeowner's policy. In doing so, GAIC rehashes arguments that it made in its summary judgment briefing, see, e.g., Mem. of Law in Support of Plaintiff GAIC's Mot. for Summary Judgment at 43, ECF No. 40, and that the Court focused nearly two hours of oral argument on, see transcript 12/11/2019. Because a motion for reconsideration is not an opportunity to reiterate arguments that were previously considered and rejected, a motion for reconsideration on this ground is unwarranted. See Charter Oak Fire Ins. Co. v. National

---

[2] Although GAIC's complaint is not entirely clear, it does appear to request full rescission in its third cause of action. See Amended Complaint at 12-14, ECF No. 10.

6

Wholesale Liquidators, 2003 WL 22455321, at *1 (S.D.N.Y. Oct. 29, 2003).

III. Secure Motion for Reconsideration

Secure also moves for reconsideration on three grounds. Only one of these grounds warrants partial reconsideration.

a. Equity

Secure first argues that reconsideration is warranted because the Court overlooked Secure's argument that GAIC is not entitled to rescission as a matter of equity, even assuming there was a material misrepresentation. The Court, however, dedicated an entire section of its opinion to addressing, and rejecting, this argument. SJ Order at 16-17. Specifically, the Court held that "many facts that would underlie the Court's determination of where the equities lie in this case remain in dispute," precluding summary judgment. Id. Secure does not resolve all of these factual uncertainties in its favor, as it appears to believe it may, by simply assuming arguendo that Zelik's misrepresentation was material. Accordingly, reconsideration is not warranted on this ground.

b. Severability

Secure next argues that the Court should reconsider its holding that a factual dispute remains as to whether the Umbrella Insurance Policy could be rescinded only in part. In its summary judgment briefing, Secure argued that partial

7

rescission was not available as a matter of law because "there is no such thing as <u>partial rescission</u>." Mem. of Law by Third-Party Def. Secure Insure for Summary Judgment at 5, ECF No. 37 ("Secure SJ Mem."); <u>see also</u> Reply Mem. of Law. by Third-Party Def. Secure Insure 5-8, ECF No. 58 ("[P]artial rescission is in fact an oxymoron.").

Apparently regretting this strategy in light of the Court's finding that partial rescission is in fact available where parties intended a contract to be severable, Secure now argues for the first time that "as a as a matter of law, Great American did not intend, nor does the contract permit, severability of locations." Secure Mem. at 7. A motion for reconsideration, however, is not an opportunity for "a losing party [to] examin[e] a decision and then plug[] the gaps of a lost motion with additional matters." <u>Carolco Pictures Inc. v. Sirota</u>, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Moreover, Secure fails to demonstrate that the Umbrella Insurance Policy is unambiguous on its face as to the question of severability such that the Court may not consider extrinsic evidence of intent, see <u>Greenfield v. Philles Records, Inc.</u>, 98 N.Y.2d 562, 569 (2002), so Secure's argument also fails on the merits. The Court thus declines to grant reconsideration on this ground.

c. <u>Attorneys' Fees</u>

Finally, Secure argues that the Court should reconsider its denial of Secure's motion for summary judgment on Zelik's claim for attorneys' fees. Secure dedicated the majority of its summary judgment briefing on this question to defending the proposition that an insured may never recover fees from an insurance broker based on Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12 (1979). See Secure SJ Mem. at 39-43. Secure now relies on a different case, Chase Manhattan Bank, N.A. v. Each Individual Underwriter Bound to Lloyd's Policy No. 790/004A89005, 258 A.D.2d 1 (1st Dept., 1999), to defend this same proposition.

Chase, however, does not support the proposition that Zelik is not entitled as a matter of law to recover attorneys' fees from Secure for defending against GAIC's rescission and reformation action. It is well settled that a "broker who negligently fails to procure a policy stands in the shoes of the insurer, and is liable to indemnify the plaintiff for any judgment which would have been covered by the policy." Andriaccio v. Borg & Borg, Inc., 198 A.D.2d 253, 253 (2d Dept. 1993). Furthermore, it is clear that "an insurer's responsibility to defend reaches the defense of . . . actions arising out of the occurrence . . . even if incurred in defending against an insurer seeking to avoid coverage for a

9

particular claim." Chase, 258 A.D.2d at 5.³ Putting these principles together, "[a] broker who negligently fails to procure a policy . . . stands in the shoes of the insurer, and is liable to provide for the plaintiff's defense in the underlying action and to indemnify him for any judgment which would have been covered by the policy." Island Cycle Sales, Inc. v. Khlopin, 126 A.D.2d 516, 518 (2d Dept. 1987).

Indeed, Chase supports the proposition that, at least where an action is brought against him by an insurer, an insured may seek attorneys' fees required to defend that action from a broker. In Chase, the court clarified that the "stands in the shoes of the insurer" doctrine ensures that "[a]n insured may only enforce its rights to the extent it could have done so against the insurer." Chase, 258 A.D.2d at 4. This suggests that where an insured could have recovered attorneys' fees from an insurer but for her broker's negligence, the insured may seek attorneys' fees from the broker instead. Accordingly, Secure's motion for reconsideration on the question of whether Zelik may seek from Secure attorneys' fees incurred in defending against GAIC is denied.

---

³ The Umbrella Insurance Policy included a duty to defend as part of its GAIC's contractual obligation. See JA Exh. 29 at GAIC 1344, ECF No. 41, Exh. 29.

10

The Court does, however, grant Secure's motion for reconsideration on the question of attorneys' fees in small part. Although Secure failed to raise this argument at the summary judgment briefing stage, Secure is correct that Zelik may not recover attorneys' fees for prosecuting Secure as a third-party defendant. Chase clarified that an insured may not recover fees either from an insurance company or an insurance broker where the insured initiated the insurance action. 258 A.D.2d at 4-5. While Zelik did not initiate the lawsuit against GAIC,[4] he did initiate his lawsuit against Secure by bringing Secure in as a third-party defendant. Zelik thus may not recover attorneys' fees from either Secure or GAIC for the costs of litigating this third-party action against Secure. Secure's motion for reconsideration on this narrow question is thus granted, and the Court dismisses Zelik's claim for attorneys' fees insofar as it seeks from either party fees incurred while prosecuting Secure as a third-party defendant.

IV. Conclusion

For the foregoing reasons, GAIC's motion for reconsideration is denied in its entirety. Secure's motion for reconsideration is granted only on the narrow question of

---

[4] GAIC originated the lawsuit against Zelik by filing a complaint seeking rescission and reformation of the Umbrella Insurance Policy in February 2019. See Complaint, ECF No. 1.

11

whether Zelik may recover from either party attorneys' fees incurred while prosecuting his third-party action against Secure.

SO ORDERED.

Dated:   New York, NY

February 14, 2020

                                       JED S. RAKOFF, U.S.D.J.